**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES HARRY HERBERT BORDAGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02550-TLP-tmp |
| v. | ) | |
| | ) | |
| STATE OF TEXAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS
COMPLAINT, SCREENING AMENDED COMPLAINT,
AND DISMISSING CASE WITHOUT PREJUDICE**

Pro se Plaintiff James Harry Herbert Bordages sued several states for civil rights violations stemming from "over three decades of unlawful harassment, surveillance, and unconstitutional restraint" by several States.  (ECF No. 2.)  Under Administrative Order No. 2013-05, the Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters.  Plaintiff later moved to proceed in forma pauperis.  (ECF No. 9.)  And Judge Pham granted the Motion.  (ECF No. 17.)  Judge Pham then screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the Complaint.  (ECF No. 18.)  Plaintiff timely objected to the R&R and filed two amended complaints.  (ECF Nos. 19, 20, 22.)  Judge Pham has not addressed those amendments.

For the reasons below, the Court **ADOPTS** the R&R's recommendation to dismiss the Complaint.  And after screening Plaintiff's Second Amended Complaint (ECF No. 22), the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**BACKGROUND AND THE R&R**

In May 2025, Plaintiff sued the States of Texas and Tennessee, "Other Unnamed States," as well as "John/Jane Does 1–10" under 42 U.S.C. § 1983.[1]  (ECF No. 2.)  He alleges that Defendants subjected him to "over three decades of unlawful harassment, surveillance, and unconstitutional restraint."  (*Id.*)  The Complaint provides few details about his claims.  But from what the Court can piece together, he seems to be suing Defendants for bringing criminal charges against him.  (*Id.* at PageID 4–5.)  Plaintiff has filed several documents to bolster his claims.[2] (ECF Nos. 7–16.)  For example, he filed a "Memorandum of Law Regarding Domestic Intelligence Gathering on U.S. Citizens on U.S. Soil" (ECF No. 12), and a "Statement Regarding Systemic Interference with Legal Research, Computer Tampering, and Obstruction of Justice" (ECF No. 16).

The Chief Magistrate Judge screened the Complaint and issued his R&R in August 2025. (ECF No. 18.)  In his R&R, Judge Pham recommends the Court dismiss the Complaint for two reasons: (1) Plaintiff does not allege a § 1983 claim because he has not pleaded "any facts to plausibly claim that he was denied a constitutional right, let alone identified what constitutional right defendants have denied him"; (2) the Defendant States' sovereign immunity bars Plaintiff's claims.  (*Id.* at PageID 136.)  Simple enough.

---

[1] Plaintiff is a frequent pro se filer in the Western District of Tennessee.  Our courts have dismissed some of his cases as frivolous, and some are still pending.  (*See Bordages v. WMC-TV*, No. 2:25-cv-02615-TLP-atc (W.D. Tenn.) (ECF No. 19 at PageID 78–79 (collecting cases)).)

[2] Plaintiff moved for summary judgment a few weeks after suing here.  (ECF No. 7.)  Judge Pham issued an R&R recommending that the Court deny that Motion a few months after the R&R discussed here.  (ECF No. 24.)  Plaintiff did not object.  The Court has reviewed that R&R for clear error and **ADOPTS** its recommendation.  At any rate, that Motion is moot because this Order dismisses the case.

Plaintiff timely objected to the R&R and filed his first Amended Complaint.  (ECF Nos. 19, 20.)  He filed a second Amended Complaint two months later.  (ECF No. 22.)  The Court addresses all this in turn.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters.  *See* 28 U.S.C. § 636(b)(1)(A)–(B).  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  *Id.* at § 636(b)(1).  A party may object to a magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  But if there is an objection, the district court reviews the objected-to portions of the R&R de novo.  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections come with limits.  A party generally cannot raise new arguments or issues in objections that it did not first present to the magistrate court.  *Dabrowski v. Tubular Metal Systems, LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).  And "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012).  So when a plaintiff submits only vague, general, or conclusory objections—especially when those objections fail to address the alleged legal mistakes in the R&R—the district court may review

for clear error, rather than de novo.  *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002);

*see also Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file

specific objections to a magistrate[] [judge's] report constitutes a waiver of those objections.'"

(citation omitted)).

These limits support judicial economy.  *See Thomas v. Arn*, 474 U.S. 140, 147 (1985)

("The Sixth Circuit's decision to require the filing of objections is supported by sound

considerations of judicial economy.").  Raising specific objections enables district courts to

"focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."

*Id.*; *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining

that a "general objection to the entirety of a magistrate's report has the same effects as a failure

to object" because it does not focus the district court's "attention . . . on any specific issues for

review, thereby making the initial reference to the magistrate useless"); *see also Robert v.

Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[T]his Court has held that an objection preserves an

issue when it 'explains and cites specific portions of the report which counsel deems

problematic." (citation omitted)).

### ANALYSIS

This analysis comes in three parts.  The Court starts with Plaintiff's objections.  It then

reviews the R&R for clear error before screening the Amended Complaints.

### I.      Plaintiff's Objections

Plaintiff presented five objections to the R&R.  (ECF No. 20.)  His first two argue that

Judge Pham incorrectly recommended dismissing this case before service.  (*Id.* at PageID 146.)

But this argument misunderstands the law.  Judge Pham properly screened the Complaint under

28 U.S.C. § 1915(e)(2).  That statute—titled "Proceedings In Forma Pauperis"—provides that a

court "shall dismiss the case at any time" if it determines that the lawsuit is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). So the R&R's procedural posture is not in error—the Magistrate Court must screen the case, as here, "even before process is served or the individual has had an opportunity to amend the complaint." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Plaintiff's other objections are similarly meritless or not specific enough to meet Rule 72(b)(2)'s requirements. For example, his third objection claims that Judge Pham misapplied the motion-to-dismiss standard. (ECF No. 20 at PageID 146.) But Plaintiff never explains *how* Judge Pham misapplied that standard. At any rate, Judge Pham applied right legal standards here. He correctly noted that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (ECF No. 18 at PageID 135 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6)).) And that "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." (*Id.* (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).) And so, this objection lacks merit.

The fourth objection states that "exceptions to sovereign immunity apply." (ECF No. 20 at PageID 146.) They do not. Plaintiff is correct that Texas and Tennessee have both waived immunity to certain tort claims under their Governmental Tort Liability Acts. (*Id.* (first citing Tenn. Code Ann. § 29-20-201, then citing Tex. Civ. Prac. & Rem. Code Ann. § 101.025).) Yet neither State has waived its sovereign immunity to § 1983 claims.[3] He also argues that the *Ex*

---

[3] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.

*parte Young* exception waives each State's immunity.  Under *Ex parte Young*, "a federal court

can issue *prospective* injunctive and declaratory relief compelling a state *official* to comply with

federal law."  *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (emphasis added)

(citation omitted).

But *Ex parte Young* does not apply here.  Plaintiff bases his sparse factual allegations to

the States' past conduct—bringing criminal charges against him—and *Ex parte Young* affords

relief only prospectively, not for past harm.  *See, e.g.*, *Anderson v. Ohio*, No. 24-1951, 2025 WL

2721191, at *3 (S.D. Ohio Sept. 24, 2025) ("Here, the *Ex parte Young* exception does not apply

because Plaintiff's request for declaratory relief is retrospective in that it addresses only past

violations related to his criminal prosecution and conviction.  In other words, in order for

Plaintiff to be made whole for the alleged constitutional injury, this Court would have to issue a

declaration that the prior judgment of the [state court] . . . was in error.  Because the . . . state

court judgment are past injuries, Plaintiff is seeking retrospective relief which is barred by the

Eleventh Amendment.").  Even more to the point, Plaintiff sued the States themselves and did

not name any State officials.  *See Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590

(6th Cir. 2016) ("The *Ex parte Young* doctrine applies when the lawsuit involves action against

state officials, not against the state itself." (citation omitted)).

Plaintiff's final objection is that he "should have been given leave to amend before

dismissal" because "the Complaint contains detailed factual allegations and invokes recognized

---

The Eleventh Amendment bars such suits unless the State has waived its immunity . . . or unless
Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override
that immunity." (citations omitted)); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*, 63
F.4th 510, 518 (6th Cir. 2023) ("As for suits under § 1983, Tennessee has not consented to such
lawsuits and Congress has not removed states' sovereign immunity under the statute." (citations
omitted); *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (explaining that
Texas has not waived its immunity to § 1983 lawsuits).

legal theories." (ECF No. 20 at PageID 147.) The Court construes this objection as requesting leave to amend and will address it after reviewing the R&R for clear error.

## II.    Clear Error Review

Having addressed Plaintiff's objections and having reviewed the record, the Court finds no clear error in Judge Pham's R&R. Judge Pham accurately notes that a plaintiff suing under § 1983 must plead that defendants "denied [his] constitutional right, and that the deprivation was caused by defendants acting under the color of state law." (ECF No. 18 at PageID 135 (quoting *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 889 (6th Cir. 2025).) And the Complaint asserts that "the State of Texas and Tennessee, and potentially other states" have subjected him to "over three decades of unlawful harassment, surveillance, and unconstitutional restraint." (ECF No. 2 at PageID 4.) The Court agrees with Judge Pham that Plaintiff does not "plausibly claim that [Plaintiff] was denied a constitutional right, let alone identif[y] what constitutional right defendants have denied him." (*See* ECF No. 18 at PageID 136.) Even so, Judge Pham also correctly concluded that the States' sovereign immunity bars Plaintiff's claims against them. (*See* ECF No. 18 at PageID 136 (citing U.S. Const. amend. XI; *Welch v. Tex. Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987); *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tenn.*, 63 F.4th 510, 518 (6th Cir. 2023); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989)).) Judge Pham's R&R has no clear error. The Court therefore **ADOPTS** the R&R's recommendation to dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).

## III.    Amended Complaint

That leaves the two Amended Complaints. (ECF Nos. 19, 22.) The Court only considers the second here. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir.

2008); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citation

omitted) (explaining that a "new complaint supersedes all previous complaints").

Under Rule 15, courts "should freely give leave [to amend] when justice so requires."

Fed. R. Civ. P. 15(a)(2).  This advice rings true when an amendment could clarify facts to

"demonstrate a non-frivolous underlying claim and therefore . . . properly set forth a claim under

42 U.S.C. § 1983."  *Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011).  But a court

need not offer a chance to amend when it is "patently obvious" that the plaintiff cannot prevail

on the newly alleged facts.  *See id.* (collecting cases).  In that case, dismissal is the right answer.

*Id.*  This conclusion is consistent "with the majority view that sua sponte dismissal of a meritless

complaint that cannot be salvaged by amendment comports with due process and does not

infringe the right of access to the courts."  *Williams v. Dyersburg Police Dep't*, No. 18-1259,

2019 WL 1895576, *2 (W.D. Tenn. Apr. 29, 2019) (quoting *Curley v. Perry*, 246 F.3d 1278,

1284 (10th Cir. 2001)).  Applying these standards, the Court **DENIES** Plaintiff leave to amend

for the reasons below.

Plaintiff used the Western District of Tennessee's § 1983 pro se form to fill out his

Amended Complaint.  It reads like an entirely different lawsuit from the first Complaint, alleging

claims against new defendants and bringing totally new causes of action.  For example, he now

wants to sue the Governor of Texas, the Texas Board of Pardons and Paroles, the Texas

Department of Criminal Justice, the Harris County District Attorney's Office, and "Other

unknown Defendants who may be liable in this matter."  (ECF No. 22 at PageID 168.)  Here is

how he asserts his claims.

> In 1999, Harris County District Attorney indicted Plaintiff for a state jail crime of
> Possession of less than one gram of powder cocaine.  The indictment was enhanced
> with a prior conviction that was currently being served on Mandatory supervision.
> The district attorney prosecuted the offense with the enhancement knowing that it

8

would, violate the prior mandatory supervision, which is foreseeable which would cause a due process violation and a retrospective increase to the prior sentence beyond what the state allowed which violates the Ex Post Facto Clause of The United States Constitution.  Plaintiff was convicted of the crime and sentenced to 17 years in TDCJ-ID.  The violation occurred, the new sentence was the cause and the predictable Ex Post Facto increase occurred.  The prosecution of the offense "As Applied" and the Board of Pardons and Paroles administrative rules are the proximate cause of damages.

(*Id.*)  And the relief he seeks is:

I want the court to sue the state of Texas for Injunctive Relief.  I want the court to sue each and every defendant who is liable for damages. Monetary and punitive.  I want the court to refer this matter for criminal liability if a federal crime is apparent from the facts.  I want the convictions vacated and expunged from my record and all and all records pertaining to my criminal history to be expunged.  My rights to be restored, and the policies and procedures which led to this lawsuit changed to ensure the constitutional rights of similarly situated people are protected from this in the Declaratory Relief declaring the parties rights and the law in this matter. Equitable relief and any other relief plaintiff may be entitled to as a matter of law.

(*Id.* at PageID 169.)

Although Plaintiff checks the "no" box when asked whether he has filed previous lawsuits "dealing with the same facts involved in this action or otherwise relating to your imprisonment," this appears to be incorrect.  (*See* ECF No. 22 at PageID 167.)  In this very case Plaintiff filed a "Notice of Related Cases and Motion to Stay 1983 Proceeding."  (ECF No. 8.) And there he states that he has a § 2254 petition pending that "challenges the validity of Plaintiff's 1999 Texas conviction and 17-year sentence, which are central to the factual and legal issues raised in this civil action."  (*Id.* at PageID 63.)  *See Bordages v. Bonner*, No. 2:24-cv-02703-MSN-tmp (W.D. Tenn.) (Petitioner's § 2254 case).  That § 2254 petition may be reason enough to dismiss this case.  *See Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th. Cir. 2019) ("[T]he doctrine of duplicative litigation allows 'a district court [to] stay or dismiss a suit that is duplicative of another federal court suit' using 'its general power to administer its

9

docket.'" (first quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000), then citing *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)).

Another flaw is apparent—the Western District of Tennessee is the improper venue. Venue is proper in the judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located"; or the judicial district "in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b). None of these situations apply here. Each Defendant is in Texas, not Tennessee. And the criminal charges at issue occurred in Texas, not Tennessee. When a plaintiff sues in the wrong venue, a district court can use its discretion to dismiss the case "or if it [is] in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 533 (6th Cir. 2002). As explained below, justice does not require transferring this case to a District Court in Texas.

The relief Plaintiff seeks is perhaps the most telling reason why. He seeks "[m]onetary and punitive" damages and asks the Court to vacate his convictions and expunge his record. (ECF No. 22 at PageID 168.) He also wants the Court to enjoin the State of Texas, although Plaintiff does not explain *what* he wants to enjoin Texas from doing. (*Id.*) *Heck v. Humphreys* bars § 1983 claims if their success "would necessarily imply the invalidity of [a] conviction or sentence." 512 U.S. 477, 487 (1994). To receive damages or declaratory and injunctive relief from an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 517 U.S. 477, 486–87 (1994) (footnote omitted); *see Edwards v. Balisok*, 520 U.S. 641, 648 (1991).

10

Plaintiff has not shown any of that.  In fact, he is suing here to receive some of those very same prerequisites.  His requested relief—monetary damages, vacated convictions, an expunged record, injunctive relief, and a declaratory judgment—all require the Court to overturn his convictions and sentences.[4]  (*See* ECF No. 22 at PageID 168 (arguing his sentences are unlawful).)  So duplicative litigation and improper venue aside, this Court cannot provide Plaintiff with any of this relief.

The Amended Complaint does not save Plaintiff's lawsuit for other reasons.  *Cf. Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutorial immunity); *Waller v. Collier*, 297 F. App'x 326, 327 (5th Cir. 2008) (per curiam) ("The Texas Board of Pardons and Paroles is cloaked with Eleventh Amendment immunity from Section 1983 damages claims." (citation omitted)).  But in the interests of judicial economy, the Court declines to address all the reasons.

The Court **DENIES** Plaintiff leave to amend and **DISMISSES** this case **WITHOUT PREJUDICE**.  *See Brown*, F. App'x at 614; *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (directing district court to dismiss claims without prejudice under *Heck*).

## CONCLUSION

Both the Complaint and Amended Complaint fail to overcome the not-so burdensome screening hurdle here.  As for the first Complaint, the Court has reviewed Judge Pham's R&R and finds no clear error.  The Court thus **ADOPTS** the R&R's recommendation to dismiss the Complaint.  And as for the Amended Complaint, Plaintiff likely cannot find the relief he seeks even were he to sue the proper parties under an appropriate statute in a proper venue.  *Cf. Young*

---

[4] Plaintiff's request for expungement is also likely barred by *Heck* because it similarly challenges the validity of his sentence.  Under Texas law, a person can generally have their criminal record expunged only if, among other reasons that do not apply here, they are "granted relief on the basis of actual innocence with respect to that offense."  Tex. Code Crim. Proc. Ann. art. 55.01.

11

*Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011), *cert. denied*, 565 U.S. 966 (2011)

("While courts are properly charged with protecting the rights of all who come before it, that

responsibility does not encompass advising litigants as to what legal theories they should

pursue."). For these reasons, the Court **DISMISSES** Plaintiff's case **WITHOUT PREJUDICE**.

The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith. He

may not proceed on appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

        **SO ORDERED**, this 23rd day of March, 2026.

                        s/Thomas L. Parker

                        THOMAS L. PARKER
                        UNITED STATES DISTRICT JUDGE